Joyce PARKER, Plaintiff
Below, Appellant,

v.

Diane GADOW, in her individual capacity; and the Department of Health and Social Services of the State of Delaware, Defendants Below, Appellees.

No. 408,2005.

Supreme Court of Delaware.

Submitted: Jan. 25, 2006.

Decided: Feb. 24, 2006.

Thomas S. Neuberger, Esquire, The Neuberger Firm, Wilmington, Delaware, John M. LaRosa, Esquire (argued), Wilmington, Delaware, for appellant.

Marc P. Niedzielski, Esquire, Department of Justice, Wilmington, Delaware, for appellees.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice.

The plaintiff-below, Joyce Parker ("Parker"), appeals from a final judgment of the Superior Court that granted the defendant's motion to dismiss her complaint, based on the running of the two-year statute of limitations. According to Parker, the Civil Rights Act of 1991 amended 42 U.S.C. § 1981 and now provides for a four-year statute of limitations. As a result, Parker contends that the Superior Court improperly dismissed her complaint as time-barred because that four-year statute of limitations should apply to this proceeding.[1]

The Superior Court determined that, since Parker's claims were directed against state actors, redress was available only under 42 U.S.C. § 1983. In making that determination, the Superior Court continued to rely on the United States Supreme Court's holding in *Jett v. Dallas Independent School Dist.*[2] We agree. Therefore, the Superior Court properly held that Parker's action is time-barred because the applicable statute of limitations is two years.

Parker argues in the alternative that the defendants' motion to dismiss should have been denied because her present amended complaint in this Superior Court action relates back to her original *federal* complaint that was filed within the two-year statute of limitations. Superior Court Civil Rule 15(c) applies only to the original pleading in the Superior Court, however, not to a separate complaint filed in a different court. We conclude that the Superior Court correctly applied Rule 15 in denying Parker's motion to amend her untimely original complaint.

### Facts

For purposes of this appeal, a brief summary of the procedural posture will provide the necessary background.[3] Parker began a series of wrongful termination lawsuits following her discharge from Ferris School on July 31, 1996. On July 30, 1998, Parker and her husband commenced the first lawsuit in the United States District Court for the District of Delaware against the State of Delaware, Secretary Thomas Eichler ("Eichler"), Janet Kramler ("Kramler") and Diane Gadow ("Gadow") alleging various race, sex and discrimination claims. The District Court dismissed that complaint for a failure to effect service of process and a lack of

---

1. *Jones v. Donnelley & Sons, Co.,* 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004).

2. *Jett v. Dallas Independent School Dist.,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

3. A more detailed recitation of the substantive facts is set forth in *Gadow v. Parker,* 865 A.2d 515 (Del.2005).

personal jurisdiction over the defendants on March 30, 2000.[4]

Parker filed the present action in Superior Court on July 30, 1999 against Kramler, the Department of Health and Social Services ("DHSS"), and Gadow alleging the same discriminatory actions. Parkers amended her complaint in this action on October 14, 2003. The defendants responded to the amended complaint with a motion to dismiss on the grounds that the suit was time barred.

The Superior Court granted defendant Kramer's motion to dismiss on statute of limitation grounds. It denied similar motions to dismiss by Gadow and DHSS based upon waivers by those defendants. In a prior appeal, this Court reversed the Superior Court's decision that Gadow and DHSS had waived their statute of limitations defense.[5]

We remanded the matter for consideration of those defendants' motion to dismiss on the merits. On remand, the Superior Court granted the motions to dismiss, based on the running of a two-year statute of limitations.[6] Parker then filed this appeal

### Standard of Review

█ In this appeal, we must examine the proper relation and scope of 42 U.S.C. § 1981 and § 1983 in discrimination claims against state actors, following the promulgation of the 1991 amendment to § 1981. It is undisputed that all of the named defendants are state actors. Whether Parker's complaint is barred by the two-year statute of limitations is a question of law and is reviewed *de novo*.[7]

### Federal Statute—42 U.S.C. § 1981

Prior to the 1991 amendment, § 1981 stated:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

Construing the statute in this form in *Jett*,[8] the United States Supreme Court concluded that § 1983 afforded the exclusive remedy against state actors for any violation of the rights contained in § 1981.[9] Accordingly, prior to the 1991 amendment, it was undisputed that there was no § 1981 cause of action available against state actors.

---

4. *Parker v. State*, 2000 WL 291537 (D.Del. 2000).

5. *Gadow v. Parker*, 865 A.2d 515 (Del.2005).

6. *Parker v. Gadow*, 2005 WL 1952938 (Del.Super.).

7. *Scharf v. Edgcomb Corp.*, 864 A.2d 909, 916 (Del.2004); *see also Dixon Ticonderoga Co. v. Estate of O'Connor*, 248 F.3d 151, 161 (3rd Cir.2001) (holding that claims dismissed as time-barred are reviewed *de novo* ).

8. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

9. *Id.* at 731–32, 109 S.Ct. 2702 ("That we have read § 1 of the 1866 Act to reach private action and have implied a damages remedy to effectuate the declaration of rights contained in that provision does not authorize us to do so in the context of the "state action" portion of § 1981, where Congress has established its own remedial scheme. In the context of the application of § 1981 and § 1982 to private actors, we had little choice but to hold that aggrieved individuals could enforce this prohibition, *for there existed no other remedy to address such violations of the statute.*") (citations omitted).

The 1991 amendment changed § 1981 by adding subsections (b) and (c) to the original language, which is now § 1981(a). The new language provides:

(b) "Make and enforce contracts" defined.

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment.

The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law.[10]

Parker asserts that subsection (c) is an indication of Congressional intent to overturn *Jett* and provide a cause of action against state actors under § 1981. There is a split of authority on that issue within the United States Courts of Appeals.

### Federal Appellate Decisions

The Ninth Circuit has held that *Jett* is no longer valid precedent.[11] In *Federation of African American Contractors v. Oakland*, the Ninth Circuit acknowledged that § 1981(c) does not provide an explicit cause of action against state actors.[12] Nevertheless, the Ninth Circuit concluded that, under the implied remedy doctrine, as applied in the four-step process set forth in *Cort v. Ash*,[13] there is a cause of action against state actors implied in § 1981(c).[14] The Fourth, Fifth and the Eleventh Circuits have held, however, that the 1991 amendment does not alter the holding of *Jett*.[15] While the Third Circuit has not directly addressed the issue, it has recently cited the holding in *Jett* with approval.[16]

### Legislative History

Congressional intent is the primary focus in a judicial inquiry about whether a statute creates an *implied* private right of action.[17] In *Jett*, the United States Supreme Court declined to find an implied remedy against state actors in § 1981, because the Court concluded that Congress had clearly established § 1983 as the exclusive basis for claims against state actors.[18] The legislative history of the 1991 amendment to § 1981 is sparse. It appears, however, that subsection (b) enacted in the 1991 amendment was motivated principally by Congressional concerns with

**10.** 42 U.S.C. § 1981(b), (c).

**11.** *Federation of African American Contractors v. Oakland*, 96 F.3d 1204 (9th Cir.1996).

**12.** *Id.* at 1210.

**13.** *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

**14.** *Federation of African American Contractors v. Oakland*, 96 F.3d at 1210–14.

**15.** *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir.1995); *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 463–64 (5th Cir.2001); *Butts v. County of Volusia*, 222 F.3d 891 (11th Cir.2000); *cf. Anderson v. Conboy*, 156 F.3d 167, 179 (2d Cir.1998).

**16.** *Oaks v. City of Philadelphia*, 59 Fed.Appx. 502, 503 (3rd Cir.2003); *see also Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178, 1181 (8th Cir.1998).

**17.** *See e.g. Federation of African American Contractors v. Oakland*, 96 F.3d at 1211; *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

**18.** *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 731, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). ("We think the history of the 1866 Act and the 1871 Act recounted above indicates that Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981.").

the holding in *Patterson v. McLean Credit Union*.[19] Subsection (c) was apparently added to codify the Supreme Court's decision in *Runyon v. McCrary*,[20] which confirmed that § 1981 applied to private as well as public contracts and offered parallel protection against racial discrimination.[21]

In *Federation*, the Ninth Circuit Court of Appeals acknowledged that § 1981(c) is likely a codification of *Runyon* and that there is little indication of Congressional intent to create a cause of action against state actors.[22] In fact, the House Report accompanying the 1991 amendment stated that the amendment was intended to overrule or respond to ten specifically named decisions of the United States Supreme Court involving statutory construction.[23] However, *Jett* was not included in that list of cases, and there is no other indication that Congress intended to overrule the holding in *Jett*.[24]

### Two–Year Statute Applies

■ We are persuaded by the opinions of the Courts of Appeals for the Fourth, Fifth and Eleventh Circuits, which concluded that the 1991 amendment does not broaden the remedies available under § 1981. Having no contemporaneous legislative history of Congressional intent to create an implied right of action against state of actors, we also conclude that the 1991 amendment cannot be read to expand the scope of § 1981. Therefore, *Jett* remains the controlling precedent for purposes of deciding Parker's appeal.

Accordingly, the only remedy available to Parker was under § 1983. That statute provides for a two-year statute of limitations. Consequently, we hold that the Superior Court correctly granted the defendant's motion to dismiss Parker's complaint as time-barred.

### Superior Court Civil Rule 15(c)

■ Parker asserts that Superior Court Civil Rule 15(c) authorizes the Superior Court to permit the complaint, as amended by Parker on October 20, 2003, to relate back to the *federal* complaint that was filed on July 30, 1998.[25] Parker contends that if

---

**19.** *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). *See* House Comm. on the Judiciary, Civil Rights Act of 1991, H.R.Rep. No. 102–40(II), at 1 (1991) *reprinted in* 1991 U.S.C.C.A.N. 694, 694. (Congress was distressed that in *Patterson*, the Court held that § 1981 did not reach conduct that occurred after an employment contract was formed. Thus, § 1981(b) was enacted to clarify that "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.").

**20.** *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

**21.** *See Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 463 (5th Cir.2001); H.Rep. No. 102–40(II), 102d Cong., 1st Sess. 37, *reprinted in* 1991 U.S.C.C.A.N. 694, 731 ("[t]he Com-

mittee intends to prohibit racial discrimination in all contracts both public and private.").

**22.** *Federation of African American Contractors v. Oakland*, 96 F.3d at 1213.

**23.** H.Rep. No. 102–40(II), 102d Cong., 1st Sess. 37, *reprinted in* 1991 U.S.C.C.A.N. 694, 731. ("The bill responds to a number of recent decisions by the United States Supreme Court that sharply cut back on the scope and effectiveness of these important federal laws.").

**24.** *See, e.g., Butts v. County of Volusia*, 222 F.3d 891, 894 (11th Cir.2000) (noting that *Jett* is not mentioned anywhere in the legislative history of the 1991 amendment).

**25.** Parker's federal action was dismissed for failure to accomplish service of process and for a lack of personal jurisdiction.

the claim arises from the same transaction or occurrence as, or is substantially similar to, a claim asserted in another action, that an amendment can somehow relate back to any prior complaint derived from these facts, even if it was filed in a different court. This is an erroneous reading of Rule 15. The relation back provision of Rule 15 only applies to the original pleading in the Superior Court, not to a different complaint filed in a different court, even one based on related or identical facts.

Rule 15(c)(2) states: "Relation back of amendments. An amendment of a pleading related back to the date of the original pleading when (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading..."[26] The specific language of the rule refers to the "original pleading" in that particular action, not in a related or tangential action.[27] Accordingly, we hold that the relation back provision of Rule 15 cannot be invoked by Parker in this case to avoid a dismissal based on the two-year statute of limitations.

### *Conclusion*

The judgments of the Superior Court are affirmed.

---

**26.** Delaware Superior Court Civil Rules 15(c)(2).

**27.** *See e.g. Taylor v. Champion,* 693 A.2d 1072, 1074 (Del.1997) (holding that the relation back provision of Rule 15(c) has "no discretionary powers for [a court] to exercise.").